(130 So. 795)

## BAINS v. MILLER.
### 6 Div. 627.

Supreme Court of Alabama.
Oct. 30, 1930.

Rehearing Denied Nov. 28, 1930.

Edward T. Rice, of Birmingham, for appellant.

Geo. D. Finley, of Birmingham, for appellee.

SAYRE, J.

The bill shows that real property owned by complainant appellee, as heir at law of the deceased former owner, subject to the right of the husband of such former owner to the use for his life, had been sold for taxes, bid in by the defendant Whetstone and by him sold to defendant appellant, Bains. It is further shown that appellant had procured a deed to complainant's interest on false and fraudulent representations as to complainant's rights in the premises, and the prayer is that complainant's deed be annulled. The original bill prays "that it be ascertained what sum of money the complainant should return to said Bains and said Whetstone, respondents herein, and that said complainant be allowed to redeem said lands from said tax sale." The amended bill prays for "such other, further, general or special relief as in equity he (complainant) is entitled to." Appellant's demurrer to the amended bill was overruled, after which this appeal.

In the first place, the argument for appellant is that the bill fails to aver that Whetstone's deed was made to appellant. In the original bill it was quite explicitly averred that Whetstone gave a deed to defendant M. E. Bains; but that averment was eliminated by amendment. It will be conceded that the amended bill does not as explicitly as the rules of good pleading require aver that Whetstone's deed was made to M. E. Bains as grantee; but the clear inference from the whole bill as amended is that it was so made, and, in the absence of a ground of demurrer taking the point, the judgment here is that it should not be made effective against the bill when made for the first time in this court of appeal. There is nothing in the thirty-two grounds of demurrer assigned against the bill in the trial court to indicate or intimate that defendant was complaining of the bill on the ground now and here in the first and leading place urged against the decree overruling the demurrer to the amended bill. On the contrary, the demurrer repeatedly speaks of the deed in question as having been made to "the said Bains," meaning defendant Bains. In the circumstances, without intending to abate the rule of good pleading that the ultimate facts relied upon as ground of relief should not be left to inference, the opinion here is that the ruling against the demurrer to the amended bill should not be held for error.

In the second place, the brief finds fault with the decree for that appellee's bill seeks "to redeem said land for said tax sale." The quotation is from appellee's bill and appellant's brief, and the suggestion of the brief is that appellee should have complied with section 3111 of the Code 1923, which lays down the "mode and terms of redemption where land sold to another than state." But appellee's bill presents a different case. He seeks to recover land sold for taxes assessed against the tenant for life, and for which his (appellee's) reversionary interest could not be liable. In the prayer of his bill, he uses the expression quoted in the outset of this paragraph; but that expression is used in connection with the prayer that "it be ascertained what sum of money the complainant [appellee] should return to said Bains and said Whetstone," respondents here, and that form of expression by no means determines the equity of the bill which is to be found in its averment of facts.

In the third place, appellant argues that the bill fails to offer any adequate excuse for the delay—more than two years—in its filing; here again having in mind the provisions of the statute for redemption from sales for taxes and imputing to appellee laches on account of his delay beyond the statutory period. Conceding for the argument only that appellee was bound to show excuse

for his delay beyond the statutory period, the objection to his bill does not appear to be well taken, for he avers that appellant, "who was skilled in the legal technicalities of tax sales of real estate, and who deals more or less extensively in buying property offered for sale for taxes in Jefferson County," induced him (appellee), an old negro, who was sick in mind and body, in necessitous circumstances, knew nothing of such matters, and did repose implicit confidence in appellant's representations, to accept an offer for his interest in the property which appellant knew was worth ten times the amount offered, by fraudulently representing to appellee that he had lost his right to the property; all such facts being well known to appellant, and that appellee did not learn of his rights, "did not discover the fraud that had been practiced on him until, to-wit: November 1928." The bill was filed December 11, 1928. Appellant quotes the following from Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606, 611, as conclusive of this appeal in his favor: "When a party relies on his ignorance of facts material to his right as an excuse for his laches and delay in asserting them, he must show by distinct averments why he was so long ignorant, and acquit himself of all knowledge of facts which would put him on inquiry, and must show how and when he first acquired a knowledge of the facts." The decision upon which the foregoing statement is based is Scruggs v. Decatur Mineral & Land Co., 86 Ala. 173, 5 So. 440, 443, where the principle was formulated in this language: "When the case stated is prima facie within the bar of the statute, or offensive to the rule against the enforcement of stale demands, the complainant must positively and distinctly aver the facts and circumstances which constitute an exception to the statute, or which excuse or explain the long acquiescence and delay."

The application of these generalizations must of necessity depend upon the particular facts under consideration. In the case here presented, the judgment is that the facts averred suffice to excuse appellee's delay beyond the statutory period in filing his bill. He did not know the legal implications of the sale for taxes as affecting his property rights as a remainderman. It is not thought that in filing his bill he was under the necessity of further explaining his ignorance of the legal principle involved. He does state his ignorance and that he relied upon the representations of appellant who knew his ignorance. This was a sufficient averment of the "why" of his ignorance. The court is of opinion that the averments of the second paragraph of appellee's amended bill sufficiently excuse the delay in filing the bill. To hold that the fact that the public records were open to appellee's inspection and to charge him as remain-

derman with knowledge of the legal principles involved in a sale of property for taxes assessed against the tenant for life would be tantamount to a holding that no fraud by representation could be practiced by fraudulent design upon weakness and ignorance, this for the reason that the victim of such fraud, ought to have known better. That would be to license all fraud. We think the alleged excuse for delay is sufficient, and that the decree overruling the demurrer to appellee's amended bill is correct.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.